IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| BOB M., §<br>    PLAINTIFF, §<br>§<br>V. §<br>§ CASE NO. 4:17-CV-303<br>§ Trial by Jury Demanded<br>FRESH VIEW SOLUTIONS, §<br>    DEFENDANT, AND §<br>CACH LLC., §<br>    CO-DEFENDANT. § | |

9 day of February, 2017

<u>PLAINTIFF'S SATEMENT OF CLAIM
STATEMENT UPON WHICH RELIEF CAN BE GRANTED</u>


FILED
HARRISBURG, PA
FEB 17 2017

COMES NOW the Plaintiff, Bob M...

At all times hereinafter mentioned, The Plaintiff was and still is a resident of Centre County, State of Pennsylvania. Hereinafter Bob M., will be known as The Plaintiff. Plaintiff respectfully submits Plaintiff's Statement of Claim and Statement upon Which Relief Can Be Granted.

*Table of Contents*

***Statement of Claim Against Defendant Fresh View Solutions, Hereinafter Referred to as Defendant*** .................................................................................................................... 2
   **Discussion** ............................................................................................................................ 2
   **COUNT I – Violations of 15 U.S.C. §1692g – Failure to Validate** ............................... 4
   **Request for Relief** .............................................................................................................. 6
***Complaint/Statement of Claim Against Advanta Corp, Hereinafter Referred to as Co-Defendant*** ............................................................................................................................ 6
   **Discussion** ............................................................................................................................ 7

**COUNT I through XIV – Violations of the Fair Credit Reporting Act by Reporting Inaccurate and Erroneous Information** ............................................................................................................8

**COUNT XV through XXVIII - Additional Violations of the Fair Credit Reporting Act by Failing to Mark the Alleged Account in Dispute on Plaintiff's Credit Reports**............................9

**Request for Relief**..........................................................................................................................9

*Statement of Claim Against Defendant Fresh View Solutions, Hereinafter Referred to as Defendant*

1. The Defendant is a 3rd party debt collector, and as such is governed under the law by the Fair Debt Collection Practices Act 15 U.S.C. §1601, *et seq.* The Defendants are also governed under the law by the Fair Credit Reporting Act 15 U.S.C. §1681, *et seq*, and the TCPA, Telephone Consumer Protection Act Public Law 102-243.

2. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. The issue at hand in this petition concerns how the alleged debt was or was not validated, and the wrongful actions of the Defendant in an attempt to collect the alleged debt, the wrongful credit reporting of the alleged debt, and the abusive number of telephone calls made by Defendant. These wrongful actions violated the civil rights of the Plaintiff and the law as outlined in the Debt Collection Practices Act, 15 USC §1601,*et seq.* and the Fair Credit Reporting Act 15 USC §1681, *et seq*, and the TCPA Public Law 102-243.

**Discussion**

3. On August 29, 2016, the Defendant received a letter requesting debt validation, at the Defendant's address listed on a dunning letter, asking the Defendant to provide proof of the alleged debt along with a limited cease and desist statement telling the Defendant not to contact the Plaintiff at his place of work or by telephone, only to contact the Plaintiff at his home by US Mail. This letter was sent by the Plaintiff via certified US Mail return receipt requested (See

attached exhibit P1). The Defendant received the letter on August 29th 2016.

## COUNT I – Violations of 15 U.S.C. §1692g – Failure to Validate

4. The Defendant also violated §809 Validation of Debts [15 U.S.C. 1692g] of the DCPA by not providing proof of the alleged debt as requested in the Plaintiff's letter of August 29th 2016, by engaging in continuous collection activity after receipt of Plaintiff's letter, without ever validating the debt.

### §809. Validation of debts [15 U.S.C. 1692g]:

"(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

5. Plaintiff demands judgment for $1,000.00 for failure to validate the alleged debt and subsequently engaging in continuous collection activity, in violation 15 U.S.C. §1692g.

6. The Defendant sent Plaintiff a collection letter dated September 30, 2016, stating that Plaintiff had an "outstanding balance of $3,334.66".

*Complaint/Statement of Claim Against CACH LLC, Hereinafter Referred to as Co-Defendant*

7. The preceding case is about an alleged account that was held by Co-Defendant, CACH LLC. This account has allegedly been sold to Defendant, CACH LLC, per the September 21, 2015 letter from the Defendant. The Law of Agency applies in this matter. The Plaintiff had contacted the Co-Defendant CACH LLC on July 20, 2016 via certified mail in reference to erroneous and inaccurate reporting in the Plaintiff's credit report. Erroneous and inaccurate reporting to credit reporting agencies is covered under the Fair Credit Reporting Act 15 USC Section §1681, *et seq.*

8. The Co-Defendant, CACH LLC, is a credit lender and as such governed under the law by The Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* and reports only to these accounts. Trans Union and Equifax.

9. The alleged account is not in question here. The issue at hand is how the alleged account was or was not verified and the wrongful actions of the Co-Defendant by inserting erroneous and inaccurate information into the Plaintiff's credit reports, and failure to indicate the account is in dispute in the Plaintiffs credit reports, which violated the civil rights of the Plaintiff and the law as outlined in The Fair Credit Reporting Act 15 USC §1681, *et seq.*

**Discussion**

10. Beginning in December 2015, The Plaintiff was alerted to negative entries on his credit reports through his credit monitoring service Privacy Guard who also records these transactions. The Plaintiff requested a copy of his Credit Report from Equifax and TransUnion in December 2015, and again in June 2016, and December 2016. Upon inspection of the said

reports, the Plaintiff observed that the Co-Defendant was listed on the Plaintiff's Equifax and TransUnion credit reports, indicating a debt/account due to the Co-Defendant. Information reported to Equifax included a "Payment Status" as "120 Days Late", and a "24 Month Payment History" with "Charge-off" reported on every month since June 2015. Information reported to TransUnion included an "Account Status" as "Unpaid", "Payment Status" as "Chargeoff or Collection", and "Comments" as "Business Credit Card Profit and loss writeoff." The Co-Defendant has never contacted the Plaintiff at any time prior to today's date with any allegations of any alleged debt/account.

11. The Plaintiff has not now or ever had any business affiliation or relationship with the Co-Defendant and Plaintiff has never applied for any type of mortgage, loan, credit card, insurance or employment with the Co-Defendant Sounds like they bought or was sold to them soooo would be a correct statement they are not the original creditor. The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail Return Receipt on July 20, 2015 which the Co-Defendant received on July 26th 2015, disputing this alleged account and asking for proof of this alleged account. The Plaintiff had contacted the Co-Defendant by US mail on several other occasions prior to this and had never received an answer from the Co-Defendant. Plaintiff has attempted to obtain an explanation from the Co-Defendant without any response for over two years.this is ok

12. The Plaintiff has tried every way possible to resolve these issues but has never received an answer from The Co-Defendant, forcing the Plaintiff to this court action in order for the court to intervene in this matter. The derogatory, erroneous and inaccurate information still remains on the Plaintiff's Credit report to date this is fine. The Plaintiff has requested confirmation and disputed this alleged account with Equifax and TransUnion on several occasions and Equifax and TransUnion have confirmed that they are reporting it correctly as

advised to Equifax and TransUnion by the Co-Defendant. In the most recent communications with the above-mentioned credit reporting agencies, the Plaintiff sent letters to both Equifax and TransUnion via Certified Mail on December 20, 2016, disputing the erroneous information reported by the Co-Defendant. Equifax received their dispute letter on December 27, 2016, and TransUnion received their letter of dispute on December 23, 2016. Equifax responded on October 11, 2016, reporting that they completed an investigation and that they are reporting the information correctly as advised to them by the Co-Defendant. TransUnion responded on August 18, 2016, also reporting that they had completed an investigation and that they are reporting the information correctly as advised to them by the Co-Defendant.

13. According to the Fair Credit Reporting Act, the Co-Defendant must inform notice of dispute to the Major Credit Reporting Agencies that the alleged debt is in dispute, which the Co-Defendant has not done. The Co-Defendant has continued reporting erroneous and inaccurate information by continuing to update the Plaintiff's credit report and additionally Co-Defendant has failed to mark the alleged account in dispute every month since July 26, 2015. This is the date that the Co-Defendant received the Plaintiff's letter via Certified Mail informing the Co-Defendant that the alleged account is in dispute and asking for proof of any alleged account, and according to law the Co-Defendant was required to report to the Major Credit Reporting Agencies the alleged account as being in dispute as of the date of receipt of that letter, and Co-Defendant still has not done that as of today's date. The Defendant is in violation the Fair Credit Reporting Act [15 U.S.C. § 1681s-2], *et seq.* As follows:

    A. Continually updating the Plaintiff's credit report with this erroneous and inaccurate information since July 26, 2016.

    B. Failure to inform the National Credit Reporting Agencies that the alleged

account is in dispute and failing to do so since July 26, 201.

# COUNT I through XIV – Violations of the Fair Credit Reporting Act by Reporting Inaccurate and Erroneous Information

According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:

### § 623 Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:

"(a) Duty of furnishers of information to provide accurate information.

   (1) Prohibition.

   (A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

   (B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

   (i) <u>the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and</u>

   (ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

   (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

    (B)  has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

  (3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

  (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

    (A) conduct an investigation with respect to the disputed information;

    (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

    (C) report the results of the investigation to the consumer reporting agency; and

    (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

  (2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting

agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information."

### § 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n]

(a) *In general.* Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual

damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

CACH LLC violated the FCRA by failing to conduct a proper investigation of the Plaintiff's disputes based on information that the Defendant had filed with the credit reporting agencies. Those disputes claimed that the Plaintiff was not liable for the delinquent CACH LLC account appearing on Plaintiffs' credit reports. CACH LLC failed to review all relevant information provided to them by the Plaintiff. And it failed to direct such consumer reporting agencies to delete inaccurate information about the Plaintiff from the files maintained by them.

In addition, CACH LLC willfully and maliciously defamed the plaintiff by repeatedly reporting information about Plaintiff to various third parties i.e. the credit bureaus which it knew, or reasonably should have known, was false. As a result of such actions the Plaintiff has had his Credit Score significantly reduced and credit card lines of credit reduced.

This erroneous and inaccurate information has been reported in the Plaintiffs credit reports since December 2016.

Plaintiff demands $360,000.00 for these violations based on each day the Defendant has broken the law times every month times two credit reports the Defendant has reported this inaccurate

and erroneous information.

### § 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o]

(b) *In general.* Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) *Attorney's fees.* On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

- Plaintiff's Credit Report has been damaged.
- Plaintiff's Credit Score has been significantly reduced.
- Plaintiffs' Lines of credit have been reduced
- Plaintiff has also been damaged by Defendants indication that the Plaintiff fails to pay his bills.

Plaintiff demands $50,000.00 in punitive/liability damages.

## SUMMARY

The Plaintiff has contacted the Defendant on 2 occasions to resolve this issue prior to filing of this Complaint the Defendant has failed to "follow the rules of the FCRA".

The Plaintiff is open to an amicable settlement agreement anytime the Defendant is willing to come to the table to discuss

### Request for Relief

WHEREFORE, the Co-Defendant has violated the Fair Credit Reporting Act, Plaintiff demands Judgment in the amount of $28,000.00, plus all costs of this action along with punitive damages

based on damage to the Plaintiffs credit score, credit report and reputation in the amount of $150,000.00.

Respectfully submitted,

_____
Bob E. Mohler, Plaintiff

Bob Escreza Mohler
152 Roosevelt Avenue
State College, Pennsylvania 16801
(805) 314-5369
bobmohler@hotmail.com